closed

MICHAEL N. FEUER, City Attorney (SBN 111529x)
JAMES P. CLARK, Chief Dep. City Attorney (SBN 64780)
THOMAS H. PETERS, Chief Asst. City Attorney (SBN 163388)
RONALD S. WHITAKER, Mng. Asst. City Attorney (SBN 110160)
KIMBERLY A. ERICKSON, Dep. City Attorney (SBN 213634)
200 North Main Street, City Hall East, Room 916
Los Angeles, California 90012
Tel: (213) 473-6877; Fax: (213) 473-6818
Kimberly.Erickson@lacity.org

Attorneys for Defendant
*CITY OF LOS ANGELES*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| M.C., a minor, by and through his guardian ad litem, Zulma Mena; and ANA CAMPOS, an individual, *Plaintiffs*, vs. CITY OF LOS ANGELES, a municipal entity; and Does 1-10, inclusive, *Defendants*. | CASE NO.: 2:14-cv-02972 R (SHx) **UNCONTROVERTED STATEMENT OF FACTS AND CONCLUSIONS OF LAW AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** Date: March 16, 2015 Hon. Manuel L. Real, United States District Judge |

The Motion for Summary Judgment filed by Defendant, the City of Los Angeles (hereinafter "Defendant") came on regularly for hearing on Monday, March 16, 2015 before the Honorable Manuel L. Real, United States District Judge. The Court having considered the pleadings, the moving and opposition papers, evidence and oral argument presented at the time of the hearing, makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Plaintiff Ana Campos testified that the staff never treated M.C. any differently from the other children.

2. M.C. participated in all camp activities and was permitted to attend all other field trips during the summers of 2011 and 2012.

3. M.C. returned to the Lake Street camp in 2012 and again in 2013, and that M.C. looked forward to coming back to the camp, even after he didn't attend the whale watching trip.

4. M.C.'s behavior frequently warranted continued intervention from the camp staff.

5. The camp staff often observed M.C. exhibit a defiant, rebellious attitude, use profane language directed at the staff and other children, and slap, hit, push or kick the other children.

6. Due to the nature of the activity of the whale watching trip and M.C.'s behavior leading to the trip, the staff believed that it was in the best interests of the other children and the best interests of M.C. if he did not attend that particular field trip.

7. The danger of being out on the ocean with a child who is physically aggressive and rebellious gravely concerned the staff due to M.C.'s physical aggressiveness toward children leading to the whale watching trip, his refusal to listen

to the staff's commands, and his rebellious attitude in general, the staff made the decision to not have M.C. attend that one particular field trip.

8. Plaintiffs have failed to produce competent evidence that M.C. was terminated from the Lake Street Summer Camp in 2013 due to his disability.

9. The evidence suggests that M.C. is welcome back at summer camp if he decides to return.

## CONCLUSIONS OF LAW

1. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

2. Once the moving party meets its initial burden of showing there is no genuine issue of material fact, the opposing party has the burden of producing competent evidence and cannot rely on mere allegations or denials in the pleadings. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

3. As the party with the burden of persuasion at trial, the plaintiff must establish beyond controversy every essential element of its claim. *Southern Ca. Gas Co. v. City of Santa Ana*, 336 F.3d 885 (9th Cir. 2003).

4. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. at 587.

5. Title II of the ADA and Section 504 of the Rehabilitation Act prohibit covered entities from discriminating against qualified individuals with disabilities.

6. To prove a public program or service violates Title II of the ADA, a plaintiff must show that (1) he is a qualified individual with a disability, (2) he was either excluded from participation in or denied the benefits of a public entity's services

programs or activities, or was otherwise discriminated against by the public entity, and (3) such exclusion, denial of benefits or discrimination was by reason of his disability. *Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997).

7. Under Section 504 of the Rehabilitation Act, a plaintiff must show that (1) he is an individual with a disability, (2) he is otherwise qualified to receive the benefit, (3) he was denied the benefit of the program solely by reason of his disability, and (4) the program received federal financial assistance. 29 U.S.C. §794.

8. In this case, the only issue is whether M.C. suffered discrimination at the Lake Street Summer Camp based solely by reason of his disability, as required to prove a violation of Title II and Section 504.

9. As the party with the burden of persuasion at trial, plaintiffs must show—must establish beyond controversy every essential element of its Title II and Section 504 claims.

10. Taking the evidence in the light most favorable to the nonmoving party, plaintiffs have failed to meet their burden of showing discrimination.

11. Plaintiffs have not produced competent evidence that defendants excluded M.C. from attending the whale watching trip solely because of his disability.

12. M.C.'s failure to attend the whale watching trip was due to his failure—to his behavior at camp and other safety concerns, not his disability.

13. Plaintiffs have failed to meet their burden of showing discrimination.

14. Plaintiffs have not produced competent evidence that defendants excluded M.C. from attending the whale watching trip solely because of his disability.

15. The record taken as a whole could not lead a rational trier of fact to find plaintiff suffered discrimination when M.C. was not permitted to go whale watching, and as such, there is no genuine issue for trial.

16. Plaintiffs have failed to produce competent evidence that M.C. was terminated from the Lake Street Summer Camp in 2013 due to his disability.

17. Plaintiffs have failed to produce sufficient evidence of an essential element of their claim and therefore unable to carry their ultimate burden of persuasion at trial.

18. Defendant is entitled to judgment as a matter of law, and summary judgment is granted as to plaintiff's first and second causes of action under Title II of the American with Disabilities Act and Section 504 of the Rehabilitation Act.

19. California Government Code section 11135 and California's Unruh Civil Rights Act operate virtually identically to the ADA and the Rehabilitation Act.

20. For the same reasons plaintiffs' ADA and Rehabilitation Act claims fail, Plaintiffs' state law claims fail as a matter of law.

21. Plaintiffs have failed to establish a prima facie case of discrimination, and as such, a reasonable fact finder could not find in plaintiffs' favor.

22. To the extent that any of the foregoing Conclusions of Law are deemed to be statements of uncontroverted fact, they are incorporated into the foregoing Statement of Uncontroverted Facts.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment is GRANTED.

DATED: May 14, 2015

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

Submitted by:

Michael N. Feuer, City Attorney
James P. Clark, Chief Deputy City Attorney
Ronald S. Whitaker, Managing Assistant City Attorney


By: /s/ Kimberly A. Erickson
Kimberly A. Erickson
Deputy City Attorney
Attorneys for Defendant CITY OF LOS ANGELES